```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DOUGLAS PAYTON,

                        Petitioner,
                                                ORDER
            -against-                           11-CV-1260(JS)

STEVEN RACETTE, Superintendent,

                        Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:    Douglas Payton, pro se
                   07A1359
                   Elmira Correctional Facility
                   P.O. Box 500
                   Elmira, NY 14902

For Respondent:    Rosalind C. Gray, Esq.
                   Suffolk County District Attorney's Office
                   Criminal Courts Building
                   200 Center Drive
                   Riverhead, NY 11901
```

SEYBERT, District Judge:

On March 13, 2011, Douglas Payton ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that: (1) his plea allocution was "legally insufficient to support his conviction on the sex crime charged in counts one through three" (Pet. ¶ 12(A)); (2) his plea was not knowing and voluntary (Pet. ¶ 12(B)); and (3) he received ineffective assistance of counsel in connection with his decision to plead guilty (Pet. ¶ 12(C)). Presently pending before the Court is Petitioner's motion for discovery. (Docket

Entry 14.) For the following reasons, Petitioner's motion is GRANTED IN PART.

BACKGROUND

Upon receipt of the Petition, the Court ordered Respondent to show cause by filing a return to the Petition on or before April 19, 2011, why a writ of habeas corpus should not be issued. (Docket Entry 3.) The Order also stated that: "If the petitioner asserts ineffective assistance of counsel, respondent shall obtain an affidavit of the attorney in question addressing the merits of petitioner's claims." (Order to Show Cause ¶ 5.)

After being granted two extensions of time, Respondent filed its Return on June 16, 2011. (Docket Entry 8.) Notwithstanding the fact that Petitioner asserted an ineffective assistance of counsel claim, Respondent failed to provide the Court with an affidavit from Petitioner's defense counsel, stating that "the People attempted to obtain an affidavit from defense counsel Peter Bongiorno, Esq. of Mineola[,] New York," but "Mr. Bongiorno respectfully declined to submit an affidavit and relies on the plea transcript to demonstrate that he provided effective assistance of counsel." (Resp't Return ¶ 46.)

Petitioner, after receiving two extensions of time, filed his Reply on August 8, 2011 (Docket Entry 12), and on

September 7, 2011, Petitioner filed a motion seeking permission to serve written interrogatories on Mr. Bongiorno (Docket Entry 14). Respondent has not opposed this motion.

## DISCUSSION

"A habeas petitioner, unlike the usual civil litigant in federal courts, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). "Rather, discovery is allowed only if the district court, acting in its discretion, finds 'good cause' to allow it." Ferranti v. United States, --- F. App'x ----, 2012 WL 1701524, at *3 (2d Cir. May 16, 2012) (citing Bracy, 520 U.S. at 904). The "good cause" standard is satisfied "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (alteration in original) (internal quotation marks and citation omitted). "The district court enjoys 'broad discretion' to determine whether discovery is warranted in a habeas proceeding, and its decision will be overturned only if it abused its discretion." Ferranti, 2012 WL 1701524, at *3 (citing Nieblas v. Smith, 204 F.3d 29, 31 (2d Cir. 1999)).

Petitioner is seeking to serve written interrogatories on his defense counsel, Mr. Bongiorno, to establish what

3

investigation, if any, he performed prior to advising Petitioner to plead guilty. (Pet. Aff. in Support of Mot. ¶¶ 5-6.) The Court finds that there is good cause for the discovery requested to prove Petitioner's claim.

First, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, Petitioner must show that: "1) counsel's performance fell below an objective standard of reasonableness according to prevailing professional norms; and 2) it is reasonably likely that prejudice occurred"-- i.e., "that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).

Here, Petitioner asserts that counsel failed to adequately investigate Petitioner's defenses and to review possibly exculpatory evidence in possession of the government prior to advising Petitioner to plead guilty and seeks to obtain from Mr. Bongiorno information regarding the extent of his investigation and review. (See Proposed Interrogatories, Docket Entry 14, at 15-19). The Court finds that this information is needed for Plaintiff to fully develop his ineffective assistance of counsel claim. See Jones v. Wood, 114 F.3d 1002, 1008-10 (9th Cir. 1997) (finding good cause for discovery where the petitioner identified the specific material he needed to argue his ineffective assistance claim and there was never any hearing

4

on the ineffective assistance of counsel claim at state court level).

Second, the Court previously found this material relevant and necessary to Petitioner's claim, as it had ordered Respondent to obtain an affidavit from Mr. Bongiorno and submit it with its Return. Finally, Respondent does not object to Petitioner's request.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for discovery is GRANTED IN PART. Rather than grant Petitioner permission to serve written interrogatories, however, Respondent is hereby ORDERED to obtain an affidavit from Mr. Bongiorno that addresses the allegations in the Petition and the questions raised in Petitioner's interrogatories. See 28 U.S.C. § 2246. Respondent must file such affidavit with the Court and serve a copy on Petitioner within twenty (20) days of the date of this Order. Petitioner may file a supplemental reply within sixty (60) days of his receipt of Mr. Bongiorno's affidavit.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: July 31, 2012
       Central Islip, New York